UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

                Plaintiff,

    v.

PAUL PASTOR, et al,

                Defendants.

Case No. 3:17-cv-5075-BHS-TLF

ORDER DENYING PLAINTIFF'S MOTIONS FOR EVIDENTIARY HEARING, TO EXTEND TIME, AND TO RETURN DOCUMENTS

This matter comes before the Court on plaintiff's emergency motion for an evidentiary hearing (Dkt. 40), motion for an evidentiary hearing (Dkt. 44), motion to extend any and all deadline response dates (Dkt. 43), and motion to order defendants to return plaintiff's legal documents (Dkt. 45). For the reasons set forth below, those motions are DENIED.

On May 24, 2017, plaintiff filed his emergency motion for an evidentiary hearing (Dkt. 40), and on May 26, 2107, he filed his other motion for an evidentiary hearing (Dkt. 44). In both motions, plaintiff asserts that on May 19, 2017, defendants entered his cell for the purpose of transporting him to Western State Hospital for a diminished capacity evaluation, and that when they did so, they seized his legal documents in order to prevent him from preceding with this litigation. Plaintiff seeks a hearing before the Court to present evidence of defendants' alleged continued violation of his constitutional rights.

Plaintiff, however, has not come forth with evidence to support his allegations. Contrary to plaintiff's claims of defendants' intent to impede his litigation efforts, the record indicates that

ORDER DENYING PLAINTIFF'S MOTIONS FOR
EVIDENTIARY HEARING, TO EXTEND TIME, AND TO
RETURN DOCUMENTS - 1

plaintiff for security reasons was not allowed to take all of his legal materials with him during his transfer to Western State Hospital. Dkt. 52, p. 2. Plaintiff's legal property was secured in storage in the Pierce County Jail's property room. Dkt. 43, p. 2; Dkt. 44, p. 2. When plaintiff returned to the Pierce County Jail on June 2, 2017, he was offered his legal property. Dkt. 52, p. 3. Although plaintiff initially refused its return, three days later he requested it and his property was returned to him that same day. *Id.*

As there is no evidence that defendants seized plaintiff's legal property due to improper motives and that plaintiff's legal property was timely offered and given to plaintiff on his return to the Pierce County Jail, the Court finds there is no need for an evidentiary hearing, emergency or otherwise, and therefore those motions (Dkts. 40, 44) are both DENIED. For the same reason, plaintiff's motion to order defendants to return that property (Dkt. 45), which was filed on May 26, 2017, is also DENIED.

Lastly, plaintiff has filed a motion to extend any and all deadline response dates on May 26, 2017. Dkt. 43. At the time of that motion's filing, plaintiff was particularly concerned with being able to amend his complaint. *Id.* However, just two days earlier the Court issued an order setting June 30, 2017, as the deadline for plaintiff to move to amend his complaint (Dkt. 39), and on June 15, 2017, he filed a proposed amended complaint (Dkt. 58). There are currently no other deadlines requiring a response from plaintiff. Accordingly, plaintiff's motion to extend any and all deadlines (Dkt. 43) is no longer necessary and therefore is DENIED as such.

The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 20th day of September, 2017.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS FOR
EVIDENTIARY HEARING, TO EXTEND TIME, AND TO
RETURN DOCUMENTS - 2