UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

                              Plaintiff,

        v.

PAUL PASTOR, et al.,

                              Defendants.

Case No. 3:17-cv-5075-BHS-TLF

**REPORT AND RECOMMENDATION**
**Noted for: November 10, 2017**

This matter comes before the Court on plaintiff's motion for the Court to intervene. Dkt. 68. The Court interprets this as a motion for preliminary injunctive relief. Plaintiff alleges the superintendent of the prison where he is currently located is preventing him from accessing a sufficient quantity of writing and other supplies to enable him to prosecute this case effectively. For the reasons set forth below, however, the undersigned recommends the Court deny the motion.

Plaintiff seeks injunctive relief from the Superintendent of the Washington State Penitentiary, an individual that is not a party to this lawsuit. Dkt. 68 at 3. But "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). In other words, "a court has no

REPORT AND RECOMMENDATION - 1

power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Id.* For this reason, the motion for the Court to intervene (Dkt. 68) should be DENIED.

There is no basis for granting injunctive relief in this situation, even if the Court could exert personal jurisdiction over the Superintendent of the Washington State Penitentiary. Plaintiff's motion to intervene is wholly unrelated to the claims he has raised under the United States Constitution in his complaint against the Pierce County defendants. His complaint does not contain any allegations against any person who works at the Washington State Penitentiary concerning his constitutional right of access to the courts. Dkt. 11. A preliminary injunction is intended to give intermediate relief of the same character that will be granted in the event the party seeking the injunction succeeds on the underlying claims. *De Beers Consol. Mines Ltd. v. United States,* 325 U.S. 212, 220 (1945); *Pacific Radiation Oncology, LLC v. Queen's Medical Center,* 810 F.3d 631, 636 (9th Cir. 2015). Plaintiff's complaint alleges violations of the First and Eighth Amendments, Fourteenth Amendment Due Process, as well as the Prison Rape Elimination Act ("PREA") due to a number of alleged conditions of confinement at the Pierce County Jail. These allegations include an alleged retaliatory assault by jail correctional officers against plaintiff. Dkt. 11 at 3.

The test for determining whether a plaintiff has made a sufficient showing for the Court to grant preliminary injunctive relief is:

> (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).

REPORT AND RECOMMENDATION - 2

*Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). In the alternative, the plaintiff may obtain such relief by showing either: (a) a combination of likely success on the merits and the possibility that he or she will suffer irreparable injury; or (b) that serious questions have been raised as to the merits of the plaintiff's claims, and the balance of hardships tips sharply in his or her favor. *Lopez v. Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012).

The focal point of both tests, however, is the existence and degree of irreparable injury. *Oakland Tribune, Inc., v. Chronicle Publ'g Co.,* 762 F.2d 1374, 1376 (9th Cir.1985). If the party seeking preliminary injunctive relief has not shown irreparable harm, the request for such relief may be denied on that basis alone. *See Ctr. for Food Safety v. Vilsack,* 636 F.3d 1166, 1174 (9th Cir. 2011). "Under any formulation of the test," the moving party "must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc.*, 762 F.2d at 1376; *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.1988).

"Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief." *Caribbean Marine Servs. Co.*, 844 F.2d at 674 (internal citation and other cited sources omitted). The moving party thus "must do more than merely allege imminent harm sufficient to establish standing." *Id.*

This caution applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85 (1987) ("Prison administration is, moreover, a task that has been committed to the responsibility of those [executive and legislative] branches and separation of powers concerns counsels a policy of judicial restraint. Where a state penal system is involved, federal courts have … additional reason to accord deference to the appropriate prison authorities."); *Gilmore v. California*, 220 F.3d 987 (9th Cir. 2000). Finally, under the

REPORT AND RECOMMENDATION - 3

Prison Litigation Reform Act ("PLRA"), Congress has expressly required that any grant of prospective relief with respect to prison conditions be narrowly drawn, extend no further than necessary, and be the least intrusive means necessary for correction. 18 U.S.C. § 3626(a)(1)(A); *see also Gomez v. Vernon,* 255 F.3d 1118, 1129 (9th Cir. 2001).

Because plaintiff fails to establish irreparable harm connected to the allegations of the complaint, the Court should deny his request for injunctive relief on that basis. *See Vilsack*, 636 F.3d 1166, 1174. Plaintiff has been able to continue to file clearly understandable motions such as the one at hand, despite the alleged difficulties he has encountered.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("FRCP") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections. *See also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by FRCP 72(b), the Clerk is directed to set the matter for consideration on **November 10, 2017,** as noted in the caption.

**DATED** this 25th day of October, 2017.


*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4