UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

           Plaintiff,

  v.

PAUL PASTOR, et al.,

           Defendants.

CASE NO. C17-5075 BHS-TLF

ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. 65), and Defendants' objections to the R&R (Dkt. 71).

On April 21, 2017, Defendants moved to dismiss the case on several grounds. Dkt. 29. Defendants' motion included the arguments that (1) Plaintiff had failed to exhaust his administrative remedies and (2) the Prison Rape Elimination Act does not provide a private cause of action for Plaintiffs' claims. *Id.* On September 25, 2017, Judge Fricke entered the R&R denying Defendants' motion to dismiss. Dkt. 65. On October 9, 2017, Defendants objected. Dkt. 71. On October 12, 2017, Plaintiff responded to the objections. Dkt. 74.

ORDER - 1

The district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Defendants raise two objections to the R&R. First, they argue that the R&R mistakenly failed to dismiss Plaintiff's claims under the PREA on the basis that they were intertwined with his civil rights claims for constitutional violations. Dkt. 71. The Court agrees. Although Plaintiff's factual allegations under his PREA claim are likewise the basis for his adequately pled constitutional claims, Plaintiff cannot assert alleged violations of the PREA as the basis for his private cause of action. *See Hatcher v. Harrington*, 14-00554 JMS/KSC, 2015 WL 474313, at *5 (D. Haw. Feb. 5, 2015) ("Nothing in the PREA explicitly or implicitly suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act."). Indeed, the PREA does not include any express private remedy, and Plaintiff has failed to show that Congress intended to create one implicitly. *See Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (parties seeking to imply a private right of action bear the burden to show that Congress intended to create one). Accordingly, while Plaintiff's § 1983 and PREA claims are based on the same factual allegations, any claim predicated on purported statutory violations of the PREA must be dismissed.

Second, Defendants argue that the R&R mistakenly failed to dismiss the case based on a failure to exhaust administrative remedies, as required by the Prisoner Litigation Reform Act ("PLRA"). Specifically, Defendants point to the fact that the

grievance form relied upon by Plaintiff to assert that he exhausted all available administrative remedies was actually a form that was mailed in to the Washington State Department of Corrections ("WDOC") headquarters instead of a grievance through the Pierce County Jail where Plaintiff is held. Accordingly, Defendants assert that Plaintiff failed to exhaust the administrative grievance process available at Pierce County Jail prior to bringing his claims.

The Court agrees with Defendants that Plaintiff cannot rely upon the WDOC grievance form to establish that he exhausted the administrative remedies available at the Pierce County Jail where he is held. However, the Court's inquiry does not stop here. In addition to citing the WDOC grievance form, Plaintiff claims as follows:

> Plaintiff was a [sic] being denied by the defendants the right to have a grievance as a plot and ploy to keep Plaintiff from being able to exhaust his legal administrative remedies. So Plaintiff wrote a grievance he had from DOC and sent it to the grievance headquarters . . . along with mail to this court to notify the courts and grievance headquarters that the defendants refuses [sic] to send out Plaintiff [sic] mail and refuses [sic] to give Plaintiff a grievance form.

Dkt. 74 at 2.

The PRLA bars prisoner lawsuits from being brought against a jail "until such administrative remedies as are *available* are exhausted." 42 U.S.C.A. § 1997e(a). However, because the failure to exhaust is an affirmative defense under the PLRA, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Although the complaint and the incorporated WDOC grievance do not establish that Plaintiff properly exhausted his administrative remedies, there are adequate allegations that there was no available

remedies to exhaust, and the purported failure to exhaust is not clear from the face of the complaint or attached documents. Therefore, Plaintiff's allegations are adequate for the purpose of surviving Defendants' motion to dismiss. Should Defendants seek to establish that Plaintiff's allegations regarding the unavailability of administrative remedies are false or unsupported, they must provide argument and evidence on a motion for summary judgment.

Having considered the R&R, Defendants' objections, Plaintiff's response, and the remaining record, the R&R is **ADOPTED in part** and **MODIFIED in part** as follows:

(1) Defendants' motion to dismiss (Dkt. 29) is **GRANTED in part** as to Plaintiff's claims predicated on violations of the PREA and those claims are **DISMISSED**; and

(2) Defendants' motion to dismiss is **DENIED in part** as to Plaintiff's remaining claims.

**IT IS SO ORDERED**.

Dated this 2nd day of November, 2017.

**BENJAMIN H. SETTLE**
United States District Judge