UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

                  Plaintiff,

   v.

PAUL PASTOR, et al.,

                  Defendants.

Case No. 3:17-cv-05075-BHS-TLF

**REPORT AND RECOMMENDATION**

**NOTED FOR AUGUST 24, 2018**

This matter comes before the Court on plaintiff's emergency motion for a temporary restraining order ("TRO")/preliminary injunction. Dkt. 117. After considering the record before the Court,[1] for the reasons set forth below the undersigned recommends the motion be denied.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff, a prisoner at the Washington State Penitentiary, has filed a civil rights complaint under 42 U.S.C. § 1983, for violations of his First Amendment, Eighth Amendment and Fourteenth Amendment rights, as well as his rights under the Prison Rape Elimination Act

---

[1] On July 20, 2018, defendants filed a response to plaintiff's emergency motion for TRO/preliminary injunction and a motion for *pro hac vice* status. Dkt. 119. The motion for *pro hace vice* status was filed solely for the purpose of presenting the response to plaintiff's motion, and was filed because the attorney of record for defendants was not available during the period in which plaintiff's motion was re-noted. *Id.* However, the application for leave to appear *pro hac vice* mandated by Local Rule LCR 83.1(d) has not been submitted, nor has the required fee for appearing *pro hace vice* before the Court been paid. *See* http://www.wawd.uscourts.gov/sites/wawd/files/ProHacViceAppl.pdf; http://www.wawd.uscourts.gov/sites/wawd/files/FeeSchedule.pdf. Accordingly, defendants' response is stricken and will not be considered.

REPORT AND RECOMMENDATION - 1

("PREA"). Dkt. 86. Plaintiff alleges a number of harms, including that he was attacked and sexually assaulted by defendant Larry White and other jail staff while he was held at the Pierce County Jail. *Id.* at pp. 4, 19. The attacks and sexual assault, plaintiff alleges, were in retaliation for filing a civil lawsuit against Pierce County Jail personnel. *Id.*

Among plaintiff's many other allegations is the defendants' failure to install surveillance cameras to prevent the sexual assault or to act on plaintiff's PREA complaint. Dkt. 86, pp. 5, 19. Plaintiff also alleges that in retaliation for filing civil lawsuits against both the Pierce County Jail and some of the named defendants, he was deprived of his right to file grievances and access the courts by being denied access his legal documents or the Pierce County Jail's legal books and legal computer, by being denied the ability to send and receive mail, by being placed on security alert modifications, and by being threatened with criminal charges. *Id.* at pp. 6-7, 14.

In addition, plaintiff alleges:

- he contracted a virus and rash due to health code violations committed by the defendants (*id.* at p. 8);

- he has been prohibited from ordering certain articles of clothing and other items without any legitimate penological interest for the prohibition (*id.* at p. 9);

- lack of access to a disciplinary board and a disciplinary hearings officer for the purpose of conducting disciplinary hearings resulting in him being illegally housed in solitary confinement (*id.* at pp. 9-10);

- he and other pretrial detainees were banned from engaging in outside recreation without any penological justification therefor (*id.* at p. 10);

- he was denied a court-ordered "Boost Nutritional Drink" offered by medical nursing staff for a serious medical need in response to his hunger strike (*id.* at p. 11);

REPORT AND RECOMMENDATION - 2

- he was banned from having books, newspapers, magazines, and catalogues, and had his own personal property consisting of books, magazines and catalogues confiscated and destroyed (*id.* at pp. 11-12);

- he was denied medical attention for injuries resulting from being attacked by the defendants in retaliation for filing his civil lawsuits (*id.* at p. 12);

- he was denied full access to his one hour of recreation (Dkt. 86, p. 13);

- he was restricted from having certain items as part of his Kosher diet in violation of his religious rights (*id.* at p. 15);

- he and all pretrial detainees were denied the right to request a grievance form for their complaints so as to be able to exhaust their administrative remedies (*id.* at pp. 15-16);

- he was injured and called racial slurs on one occasion while receiving his meal tray and then denied medical treatment for that injury (*id.* at p. 16); and

- he was housed in long-term solitary confinement in retaliation for filing his civil lawsuit against Pierce County Jail, even though the defendants know he was suffering from mental illness (*id.* at pp. 17-18); and

In his emergency motion for TRO/preliminary injunction, plaintiff claims defendant Pierce County Sheriff Paul Pastor and a non-defendant, Tim Thrasher, conspired to sabotage the three federal civil lawsuits he currently has pending in this Court, including this one. Dkt. 117, p. 1. The other two lawsuits are *Denton v. Pastor et al*, Case No. 3:16-cv-05314-RJB, and *Denton v. Thrasher et al*, Case No. 3:18-cv-05017-BHS-DWC.

Plaintiff states that on May 30, 2018, his legal documents and personal property were illegally seized by CUS Scott Buttice and Sgt. Bennett, neither of whom are parties to this lawsuit, at the direction of defendant Pastor and Mr. Thrasher. Dkt. 117, pp. 1-2. This was done, plaintiff asserts, in order to keep him from responding to trial scheduling dates, a motion in

REPORT AND RECOMMENDATION - 3

limine, and a soon-to-be-filed motion to dismiss in relation to his upcoming trial in Case No. 3:16-cv-05314-BHS-DWC, and to prevent him from continuing his the two civil lawsuits he has pending in this Court. Dkt. 117, pp. 1-2. Plaintiff seeks an immediate return of his legal box and all of his legal documents and personal property. *Id.* at p. 4.

## DISCUSSION

The test for determining whether a plaintiff has made a sufficient showing for the Court to grant preliminary injunctive relief[2] is:

> (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).

*Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). In the alternative, the plaintiff may obtain such relief by showing either: (a) a combination of likely success on the merits and the possibility that he or she will suffer irreparable injury; or (b) that serious questions have been raised as to the merits of the plaintiff's claims, and the balance of hardships tips sharply in his or her favor. *Lopez v. Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012).

The focal point of both tests, however, is the existence and degree of irreparable injury. *Oakland Tribune, Inc., v. Chronicle Publ'g Co.,* 762 F.2d 1374, 1376 (9th Cir.1985). If the party seeking preliminary injunctive relief has not shown irreparable harm, the request for such relief may be denied on that basis alone. *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011); *Oakland Tribune, Inc.*, 762 F.2d at 1376 ("[u]nder any formulation" of the above tests,

---

[2] The standard for determining whether to grant a temporary restraining order is the same as that for determining whether to grant a preliminary injunction. *Verified Nutrition, LLC v. Sclar*, 2017 WL 4785948, at *2 (C.D. Cal. Oct. 23, 2017) (quoting *Brown Jordan Intern. V. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D. Haw. 2002)).

REPORT AND RECOMMENDATION - 4

the moving party "must demonstrate that there exists a significant threat of irreparable injury").

"Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.1988). The moving party "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.*" Id*. Further, a preliminary injunction is "an extraordinary and drastic remedy" that "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE & PROCEDURE § 2948, pp. 129-30 (2d ed.1995)) (emphasis added by the Supreme Court); *Winter,* 555 U.S. at 9 (2008).

The court must proceed with caution when considering motions for preliminary injunctive relief in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85 (1987); *Gilmore v. California*, 220 F.3d 987 (9th Cir. 2000). In addition, pursuant to the Prison Litigation Reform Act, any grant of prospective relief in regard to prison conditions must be narrowly drawn, extend no further than necessary, and be the least intrusive means necessary for correction. 18 U.S.C. § 3626(a)(1)(A); *see also Gomez v. Vernon,* 255 F.3d 1118, 1129 (9th Cir. 2001).

Plaintiff has not shown the possibility of irreparable injury in regard to this matter, and thus his emergency motion for TRO/injunctive relief should be denied on that basis. Although plaintiff argues he has upcoming motion and other deadlines in Case No. 3:16-cv-05314-BHS-DWC, which the seizure of his box of legal materials would prevent him from responding to, no such deadlines exist in this case. Although there are several motions currently pending before the

REPORT AND RECOMMENDATION - 5

Court, Dkts. 104, 106, 114, 117, none of those motions require plaintiff to do anything at this time. Thus, any injury would be entirely speculative.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that plaintiff's motion for a TRO/preliminary injunction (Dkts. 117) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("FRCP") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections. *See also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by FRCP 72(b), the Clerk is directed to set the matter for consideration on **August 24, 2018,** as noted in the caption.

**DATED** this 3rd day of August, 2018.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6