UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

                Plaintiff,

v.

PAUL A PASTOR, et al.,

                Defendants.

Case No. C17-5075 BHS-TLF

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

This matter is before the Court on plaintiff's motion for leave to amend and proposed amended complaint. Dkt. 145. Defendant has filed a response opposing plaintiff's motion (Dkt. 147) and plaintiff has filed a reply in support of the motion (Dkt. 148). In addition, plaintiff also asks the Court to find that the proposed second amended complaint relates back to the original filing date of this action. Dkt 145, 148. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the Court GRANTS plaintiff's motion for leave to amend but declines to find that the second amended complaint relates back to the original filing date of this action.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the original complaint on February 1, 2017 under 42 U.S.C. § 1983 raising 11 claims against more than a dozen named defendants. Dkt. 11. Plaintiff proceeded *pro se* and *in forma pauperis*. Dkt. 1, 7, 8. The defendants named in the

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND - 1

1  original complaint filed a motion to dismiss. Dkt. 29. The Court granted the defendants'
2  motion as to plaintiff's claims predicated on violations of PREA and denied defendants'
3  motion as to the remaining claims. Dkt. 65, 79.

4      The Court subsequently allowed plaintiff to file an amended complaint, in which
5  he named additional defendants, asserting 20 claims alleging violations of his federal
6  constitutional rights. Dkt. 85, 86. Defendants moved to dismiss plaintiff's amended
7  complaint. Dkt. 104. The Report and Recommendation stated the Court should deny
8  defendants' motion in part and grant defendants' motion in part. Dkt. 126. On January
9  31, 2019 the Court declined to adopt the Report and Recommendation, referring the
10 matter to the undersigned for consideration of the merits of a fully briefed motion on the
11 issue of res judicata. Dkt. 130.

12     On April 11, 2019 Darryl Parker filed a notice of appearance on behalf of plaintiff.
13 Dkt. 133. Plaintiff's counsel represented plaintiff during the new briefing period on the
14 issue of res judicata. On August 21, 2019 the undersigned filed a report and
15 recommendation regarding the issue of res judicata. Dkt. 139. On September 10, 2019
16 the Court adopted the Report and Recommendation. Dkt. 142. Defendants have filed an
17 answer to plaintiff's amended complaint. Dkt. 143. Defendant informs the Court, and
18 plaintiff does not deny, that the parties conducted a CR 26(f) conference by telephone,
19 the parties agreed to exchange their initial disclosures and the parties have served
20 initial interrogatories and requests for production. Dkt 146 at 2; 147; 147-1 at 2-3, 7; 148
21 at 3-4.

22     Defendants indicate that they have served plaintiff with initial disclosures and
23 answers to plaintiff's first set of discovery requests. Dkt. 147-1 at 5. Plaintiff has not

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND - 2

served defendants his initial disclosures or responses to defendants' discovery requests. Dkt. 148 at 3. The parties have not submitted a joint status report and the Court has not set a pre-trial schedule.

## **DISCUSSION**

I. Motion for Leave to Amend

Plaintiff seeks leave to amend the complaint in order to "add defendants, facts and claims of relief arising out of the same core facts as his original Complaint from when he was a pro se litigant." Dkt. 145 at 2. Defendants oppose the motion arguing that plaintiff did not provide defendants proper notice regarding the additional claims and defendants that plaintiff now seeks to add in the second amended complaint. Dkt. 146 at 1-2, 5-6. Defendants also argue that plaintiff does not provide an explanation for the delay in seeking leave to file the second amended complaint. *Id.* at 5-6. Finally, defendants also raise defenses to plaintiff's second amended complaint, including that certain claims are barred by the statute of limitation, the proposed amended complaint realleges claims previously dismissed in this litigation and that the additional claims fail to state a claim upon which relief could be granted. *Id.* at 4-6.

Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.")

The Court must consider five factors when determining the propriety for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment,

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND - 3

and whether the plaintiff has previously amended the complaint. *Desertrain*, 754 F.3d at 1154; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Additionally, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

There is no evidence that plaintiff seeks to amend the complaint in bad faith or to cause delay. The Court also finds that there is no undue delay because plaintiff initiated this action *pro se* and plaintiff's current counsel entered notice of appearance during the briefing period for defendants' latest motion to dismiss.

Additionally, the motion for leave to amend was filed less than two months after the District Court adopted the undersigned's Report and Recommendation. The proposed second amended complaint incorporates the District Court's ruling. Accordingly, there was no undue delay in seeking leave to amend.

Defendants have not shown they will be prejudiced if plaintiff is granted leave to amend. Although the parties have been engaged in motion practice, the parties are still at an early stage of this litigation. In fact, the parties have not submitted a joint status report and the Court has not set a pre-trial schedule. Additionally, the parties are at an early stage of discovery and have not yet taken depositions. Accordingly, defendants have failed to meet their burden of showing that they will be prejudiced if plaintiff is allowed to amend the operative complaint.

Finally, defendants have not made a showing that the amended complaint would be futile. The Court acknowledges that defendants have raised a number of defenses to

the merits of plaintiff's amended complaint. Yet those defenses may be tested through discovery and potentially through motion practice.

Accordingly, the Court finds that plaintiff's motion for leave to amend should be granted.

II. <u>Relation Back to the Original Filing Date</u>

In addition to seeking leave to amend the complaint, plaintiff asks the Court to find that the proposed second amended complaint relates back to the original filing date. Dkt. 145. Plaintiff did not brief this issue in their motion to amend, instead including this request in the conclusion of the motion and the proposed order without explanation. Dkt. 145, 145-1. Plaintiff briefed this issue and provided arguments in support of the request only in their reply brief. Dkt. 148 at 6.

The Court declines to consider this issue because plaintiff did not properly raise the issue in their motion and addressed the issue for the first time in their reply brief. *Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013) ("Because we do not consider issues raised for the first time in reply briefs, we deem this late-raised argument forfeited."); *United States v. Wright*, 215 F.3d 1020, 1030 n.3 (9th Cir. 2000) (declining to consider an argument raised for the first time in the reply brief).

## **CONCLUSION**

Based on the foregoing, it is ORDERED:

(1) Plaintiff's motion for leave to amend (Dkt. 145) is **GRANTED**.

(2) Counsel for plaintiff is directed to file plaintiff's second amended complaint within seven days, on or before December 27, 2019.

1  (3) The Clerk shall send a copy of this Order to the parties.

2  Dated this 20th day of December, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND - 6