1

2

3

4         UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
5                   AT TACOMA

6   MICHAEL DENTON,

7                        Plaintiff,        Case No. C17-5075 BHS-TLF

8            v.                            REPORT AND
                                           RECOMMENDATION
9   PAUL A PASTOR,
                                           Noted for September 11, 2020
10                       Defendants.

11          This matter comes before the Court on defendants' motion to dismiss. Dkt. 151.

12   This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of*

13   *H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR

14   4(a)(4). For the reasons set forth below, the Court should GRANT in part and DENY in

15   part defendants' motion to dismiss but should grant plaintiff leave to amend the

16   complaint as discussed below.

17                  I.       FACTUAL AND PROCEDRUAL HISTORY

18          Plaintiff, who is currently an inmate at Monroe Correctional Complex, was at all

19   times relevant to this lawsuit a pretrial detainee at Pierce County Jail. Dkt. 150.

20          Plaintiff originally brought this action *pro se* under 42 U.S.C. § 1983, alleging

21   violations of his federal constitutional rights and rights under the Prison Rape

22   Elimination Act ("PREA"). Dkt. 11. The defendants moved to dismiss the complaint

23   pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 29.

24

25

REPORT AND RECOMMENDATION - 1

The Court granted the defendants' motion as to plaintiff's PREA claims and denied defendants' motion as to the remaining claims. Dkt. 65, 79. The Court subsequently allowed plaintiff to file an amended complaint, in which he named additional defendants, asserting 20 claims alleging violations of his federal constitutional rights and rights under PREA. Dkt. 85. 86. Defendants moved to dismiss plaintiff's amended complaint. Dkt. 104.

On October 23, 2018 the undersigned issued a Report and Recommendation recommending that the Court deny defendants' motion in part and grant defendants' motion in part. Dkt. 126. Plaintiff and defendants each filed an objection to the Report and Recommendation. Dkt. 128, 129. Defendants argued that in light of the dismissal with prejudice in the case Denton v. Pastor et al. No. 3:16-cv-05314-RJB ("Denton I"), the Court should dismiss Claims VI, VIII, IX, XI, XIII, XIV, and XVIII as they relate to defendants Pastor, Jackson, Spencer, James-Hutchinson, Jones, and Caruso pursuant to the doctrine of res judicata. Dkt. 128. The Court found that defendants' objections regarding res judicata had merit and referred the matter to the undersigned to consider the merits of a fully briefed motion on the issue of res judicata. Dkt. 130.

Plaintiff retained an attorney and on April 11, 2019, plaintiff's counsel filed a notice of appearance in this action. Dkt. 133. The undersigned issued a Report and Recommendation recommending that the Court dismiss some of plaintiff's claims as precluded by res judicata. Dkt. 139. First, the Court should dismiss plaintiff's claims that defendants Pastor and James-Hutchinson violated plaintiff's due process rights by placing him in administrative segregation without certain procedural safeguards. Dkt. 139 at 10-13. The undersigned also recommended that the Court dismiss plaintiff's

claim that defendants Pastor and James-Hutchinson violated plaintiff's rights by creating a policy that prohibited pretrial detainees held in administrative segregation from possessing books, newspapers, magazines or catalogues. Dkt. 139 at 16-18. The Court adopted the Court's Report and Recommendation. Dkt. 142.

Defendants filed an answer to plaintiff's complaint. Dkt. 143. Plaintiff filed a motion to amend the complaint, which defendants opposed. Dkt. 145, 146. The Court granted plaintiff's motion to amend the complaint. Dkt. 149. Plaintiff filed the second amended complaint. Dkt. 150. Defendants now move to dismiss plaintiff's second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 151.

Plaintiff's second amended complaint asserts seven causes of action alleging that defendants violated plaintiff's Due Process Rights, Sixth Amendment Rights, and First Amendment Rights. Dkt. 150. The second amended complaint also adds Pierce County as a defendant and alleges *Monell*, ADA, and Rehabilitation Act claims against Pierce County.

## II.    DISCUSSION

Defendants argue that plaintiff's complaint should be dismissed because plaintiff complaint fails to state a claim against the defendants upon which relief may be granted. Dkt. 151. *Id.* Additionally, defendants contend that plaintiff's Sixth Amendment ineffective assistance of counsel claims are barred by the standard set forth in *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). *Id.* Defendants argue that plaintiff's claims regarding due process hearings for good time credits and assignment to administrative segregation were previously dismissed against defendant James-Hutchinson. *Id.*

Finally, defendants contend that plaintiff's *Monell*, Americans with Disabilities Act and Rehabilitation Act claims are all barred by the statute of limitations. *Id.*

Plaintiff concedes that the second amended complaint fails to allege the personal participation of various defendants and states that plaintiff inadvertently omitted factual allegations from the second amended complaint. Dkt. 152. Accordingly, plaintiff request that the Court grant leave to amend the complaint. Dkt. 152. Plaintiff's response also argues that plaintiff's *Monell*, ADA and Rehabilitation Act claims relate back to the date that this action was filed and are therefore timely. Dkt. 152. Plaintiff did not oppose or respond to defendants' other arguments in support of dismissal. Dkt. 152.

A. Failure to State a Claim

Defendants argue that some of plaintiff's claims should be dismissed because they fail to state a claim upon which relief may be granted. Dkt. 151. The undersigned recommends the Court grant defendants' motion to dismiss for failure to state a claim.

When reviewing a Rule 12(b)(6) motion, the Court must accept as true "all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to the non-moving party." *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019) (internal quotations omitted). The Court is not required to accept legal conclusions couched as factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662 678 (2009). The Court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft,* 556 U.S. at 678.

A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft,* 556 U.S. at 678.

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Paratt v. Taylor,* 451 U.S. 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complaint of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger,* 768 F.2d 1350, 1354 (9th Cir. 1985).

First, defendants argue that plaintiff's complaint fails to allege the personal participation of defendants White, Lee, Shanahan, Jones, Davis, Balderrama, Smith, Alexander, Pero, Whitehead, Whales, Jackson, Lindquist, Rhoton, Scott, and Cruz. Dkt. 151. Defendants also contend that plaintiff fails to allege that any named defendant was involved in the alleged due process violations related to destroying plaintiff's magazines and newspapers. Dkt. 151. Next, defendants contend that plaintiff's complaint fails to identify which defendants participated in the alleged physical or mental health mistreatment. Dkt. 151. Finally, defendants maintain that plaintiff's First and Sixth Amendment claims should be dismissed because plaintiff fails to identify which defendants purportedly committed these violations. Dkt. 151.

1

Plaintiff concedes that the second amended complaint fails to allege the personal

2

participation of defendants White, Lee, Shanahan, Jones, Smith, Alexander, Pero,

3

Whitehead, Whales, Jackson, Rhoton, Scott, Cruz and Allen. Dkt. 152. Additionally,

4

plaintiff informs the Court that defendants Davis, Balderrama, Lindquist, and Lane

5

should all be dismissed. *Id.* Further, plaintiff does not oppose defendants' arguments

6

that some of plaintiff's claims should be dismissed for failure to state a claim. Dkt. 152.

7

Instead, plaintiff concedes that the second amended complaint inadvertently omitted

8

factual allegations and states that the defects in the second amended complaint can be

9

cured with another amended complaint. Dkt. 152.

10

Because plaintiff concedes that the second amended complaint omitted factual

11

allegations and fails to allege that the defendants acted under color of state law in a

12

manner that violated plaintiff's rights, the Court should grant defendants' motion to

13

dismiss for failure to state a claim. The Court should dismiss the complaint against

14

defendants White, Lee, Shanahan, Jones, Smith, Alexander, Pero, Whitehead, Whales,

15

Jackson, Rhoton, Scott, Cruz, Allen, Davis, Balderrama, Lindquist, and Lane without

16

prejudice. The Court should also dismiss plaintiff's due process claims related to his

17

magazines, newspapers, and his physical and mental health without prejudice. Dkt. 150

18

at ¶¶ 35-36. Finally, the Court should dismiss plaintiff's First and Sixth Amendment

19

claims without prejudice. Dkt. 150 at ¶¶ 49-54, 55-59.

20

B. Due Process Claims

21

The second amended complaint states that the individual defendants violated

22

plaintiff's Due Process rights by placing plaintiff in administrative segregation without the

23

benefit of due process or other procedural safeguards. Dkt. 150 at ¶¶ 34, 41. The Court

24

25

REPORT AND RECOMMENDATION - 6

previously dismissed these claims against defendants Pastor and James-Hutchinson as precluded by res judicata. Dkt. 139, 142. Accordingly, the Court should dismiss these due process claims against defendants Pastor and James-Hutchinson with prejudice.

C. Sixth Amendment Claims

Plaintiff alleges that the defendants violated plaintiff's Sixth Amendment Right to assistance of counsel by denying plaintiff access to a legal computer, printed legal materials, books, papers, pens and other writing materials. Dkt. 150 at ¶¶ 55-60. The Court should grant defendants' motion to dismiss plaintiff's assistance to counsel claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Dkt 151.

In *Heck v. Humphrey*, the United States Supreme Court held that "to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). To state a Section 1983 claim that would necessarily invalidate a prisoner's confinement or its duration, the plaintiff must show that the sentence or conviction has been invalidated prior to bringing the Section 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Plaintiff alleges that at various times during his incarceration at Pierce County Jail plaintiff represented himself in criminal proceedings and defendants' restrictions prevented plaintiff from representing himself. Dkt. 150 at ¶¶ 21-24. Plaintiff alleges that the defendants' restrictions prevented plaintiff from filing documents with the court and

prevented plaintiff from meeting court deadlines. *Id*. at ¶ 22. Plaintiff contends that these restrictions violated plaintiff's Sixth Amendment Rights by denying plaintiff "the full assistance of his own counsel" and access to the Courts. *Id*. at ¶¶ 49-54.

Plaintiff's does not identify any case number associated with these purported criminal proceedings and does not clarify whether the proceedings resulted in a conviction. However, the facts underlying plaintiff's second amended complaint occurred between 2015 and 2017. Dkt. 150 at ¶¶ 12, 31. Plaintiff was a defendant in four criminal cases between 2015 and 2017.[1] Each of these cases resulted in a conviction. There is nothing in the record demonstrating that any of plaintiff's convictions have been reversed or otherwise invalidated. Additionally, plaintiff's second amended complaint does not allege that these convictions have been reversed or invalidated.

A decision in plaintiff's favor on a claim that defendants prevented plaintiff from preparing a defense to his criminal charges would necessarily call into question the lawfulness and validity of plaintiff's convictions. Therefore, plaintiff's Sixth Amendment claims are barred by the doctrine set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994).

For the above stated reasons, the Court should dismiss plaintiff's Sixth Amendment claims without prejudice under the doctrine set forth in *Heck*.

D. *Monell*, ADA, and Rehabilitation Act

Plaintiff's second amended complaint raises new claims for relief alleging that Pierce County is liable for the alleged misconduct under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). Dkt. 150 at ¶¶ 64-71. The second

---

[1] Pursuant to Federal Rule of Evidence 201, the Court should take judicial notice of the following Washington State Court records, case numbers: 15-1-04621-9; 15-1-04577-8; 16-1-04880-5; 16-1-01709-8.

amended complaint also alleges that Pierce County violated plaintiff's rights under the Americans with Disabilities Act and the Rehabilitation Act. *Id.* at ¶¶ 72-82.

Defendants' argue that these claims should be dismissed as barred by the relevant statute of limitations. Dkt. 151. Plaintiff concedes that the second amended complaint was filed outside of the applicable statute of limitations for the *Monell*, ADA and Rehabilitation Act claims, but argues that the claims are timely because they relate back to the original complaint. Dkt. 152. The undersigned recommends the Court find that under Fed. R. Civ. P. 15 plaintiff's new claims relate back to the date that the first amended complaint was filed, and therefore are not barred by the statute of limitations.

Prior to 1991, Ninth Circuit precedent held that state law relation back provisions, not Fed. R. Civ. P. 15, governed federal causes of action brought under Section 1983. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1199 (9th Cir. 2014). However, in 1991 -- Rule 15(c) was amended -- and superseded prior Ninth Circuit precedent. *Butler*, 766 F.3d at 1199. Under the 1991 amendments to Rule 15(c), the Court should defer "to the more permissive law, state or federal, which allows an amendment to relate back." *Id.*

1. Washington CR 15(c)

Pursuant to Washington CR 15(c), an amendment adding new claims and new parties relates back if the claims asserted in the amended complaint arise out of the conduct, transaction, or occurrence set forth in the original pleading. Wash. CR 15(c); *Stansfield v. Douglas County*, 146 Wn.2d 116, 123 (2002).

Additionally, an amended pleading adding a new party relates back to the original complaint only if:

the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Wash. CR 15(c). However, joinder of party under CR 15(c) is not allowed if plaintiff's delay is due to inexcusable neglect. *Stansfield*, 146 Wn.2d at 122. "Inexcusable neglect exists when no reason for the initial failure to name the party appears in the record." *Id.* (quoting *S. Hollywood Hills Citizens Ass'n v. King County*, 101 Wn.2d 68,78 (1984)).

2.   Federal Rule of Civil Procedure 15(c)

Fed. R. Civ. P. 15(c)(1) is designed to provide the maximum opportunity for each claim to be decided on the merits, rather than on procedural technicalities, while also protecting defendants from stale claims. *Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014). The rule balances these two concerns by providing that once a litigation has commenced "an opposing party is on notice that the pleading party may subsequently raise any claims or defenses that form part of the same conduct, transaction, or occurrence as the original pleading." *Id.*

Under FRCP 15(c)(1)(C) for an amendment adding a party to relate back, the amended pleading must assert claims arising from the same conduct, transaction, or occurrence set out in the original pleading. Additionally, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by

amendment must have:

(i)     received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

The relevant inquiry for FRCP 15(c)(1)(C)(ii) is whether the prospective defendant knew or should have known, that absent a mistake concerning the proper party's identity, the prospective defendant would have been named in the original pleading. *Krupski v. Costa Crociere S. P.A.*, 560 U.S. 538, 548 (2010). Additionally, plaintiff's knowledge of the existence of the prospective party or deliberate decision to sue another party does not foreclose a finding that the claims relate back. *Krupski*, 560 U.S. at 549. Further, the reasonableness of plaintiff's mistake is not itself at issue in determining whether the plaintiff's claims relate back to the original pleading. *Id.*

The relation back standards under the Federal Rules of Civil Procedure and Washington procedural laws are similar. However, Washington state law precludes relation back if plaintiff's delay is due to inexcusable neglect. The Federal Rules of Civil Procedure do not include a similar preclusion. Accordingly, the Court should apply the Federal Rules of Civil Procedure to determine whether plaintiff's claims against Pierce County relate back, rather than the more restrictive Washington state laws. *See, Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1199 (9th Cir. 2014).

Plaintiff's *Monell* claims arise from the same purported policies and misconduct alleged in the original complaint and the first amended complaint. Dkt. 11, 86, 150. Plaintiff's *Monell* claims allege that the misconduct alleged in the second amended

complaint are a result of Pierce County's formal policies and failure to hire, train, retain, supervise and discipline its jail staff. Dkt. 150 at ¶¶ 65, 66.

Next, plaintiff's original complaint does not allege that plaintiff suffered from a disability qualifying him for protection under the Americans with Disabilities Act or the Rehabilitation Act. This is a necessary element to raise a cause of action under either statute. 29 U.S.C. § 794(a), 42 U.S.C. § 12132.

However, plaintiff's first amended complaint alleges that plaintiff had qualifying disabilities, that he was deprived activities due to his disability, that he was denied accommodations, and discriminated against on the basis of his disability. Dkt. 86 at 9, 10, 13, 17. Plaintiff's second amended complaint similarly alleges that plaintiff suffered from a qualifying disability, and that plaintiff was discriminated against on the basis of such disability. Dkt 150 at ¶ 11, 28, 72-82. The ADA and Rehabilitation Act claims in plaintiff's second amended complaint are based on the same conduct, transaction or occurrence set forth in plaintiff's first amended complaint.

Next, the Court must determine if Pierce County received such notice of the action, within the 90-day period set forth in Rule 4(m), that Pierce County will not be prejudiced by defending this action on the merits. Here, the attorney for Pierce County is also representing each individual defendant and has been involved in this litigation since August of 2019. Dkt. 140, 151. Additionally, the first amended complaint names correctional officers and administrators at Pierce County Jail. Dkt. 86. Further, the first amended complaint alleges that the constitutional violations were caused by Pierce County Jail's purportedly unconstitutional policies. Dkt. 86. Accordingly, it appears that

Pierce County received notice of this action and was aware of the existence of this action within the period set forth in Rule 4(m).

Finally, the Court must determine whether Pierce County knew or should have known that this action would be brought against it, but for a mistake concerning the proper party's identity.

The defendants in plaintiff's original complaint and the first amended complaint are officers and administrators at Pierce County Jail. Dkt. 11, 86. Both complaints allege that conduct occurring in Pierce County Jail violated plaintiff's rights. Dkt. 11, 86. Additionally, the complaints allege that Pierce County Jail policies violated plaintiff's constitutionally protected rights. Dkt. 11, 86. Further, plaintiff's first amended complaint alleges that plaintiff suffered from a qualifying disability, that defendants failed to adequately accommodate plaintiff and that plaintiff was discriminated against on the basis of his disability. Dkt. 86 at 9, 10, 13, 17.

These allegations suggest that plaintiff was attempting to raise *Monell* claims as well as ADA and Rehabilitation Act claims based on Pierce County Jail policy. These claims would be properly raised against Pierce County. Accordingly, it appears that Pierce County knew or should have known that Pierce County would have been a properly named defendant in this action -- absent plaintiff's mistaken understanding of who the appropriate parties were in this action.

The undersigned recommends that the Court find that plaintiff's claims against Pierce County, relate back to plaintiff's first amended complaint. *See, Oja v. United States Army Corps of Eng'rs*, 440 F.3d 1122, 1127 (9th Cir. 2006) (permitting the second amended complaint to relate back to the date of the first amended complaint).

1

3. <u>Statute of Limitations</u>

The Civil Rights Act, 42 U.S.C. § 1983, does not contain a statute of limitations. Therefore, the statute of limitations from the state cause of action most like a civil rights act is used. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). Title II of the Americans with Disabilities Act and the Rehabilitation Act do not contain an express statute of limitations, and thus Courts apply the forum state's most analogous statute of limitations. *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015).

In Washington, the most analogous statute for these causes of actions is RCW 4.16.080(2); *Rose*, 654 F.2d at 547 (applying RCW 4.16.080(2) to determine the statute of limitations for plaintiff's Section 1983 action); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n. 2 (9th Cir. 2002) (noting that state law tort claims statute of limitations is applicable to ADA claims). Accordingly, plaintiff had three years to file an action from the date that the action accrued. RCW 4.16.080(2).

The parties agree that plaintiff's *Monell*, ADA and Rehabilitation Act claims accrued in January of 2016. Dkt. 151 at 8-9, 152 at 8. The undersigned recommends that the Court find that plaintiff's second amended complaint relates back to the date that the first amended complaint was filed, January 12, 2018. Accordingly, because plaintiff's first amended complaint was filed within the relevant statute of limitations, plaintiff's *Monell*, ADA and Rehabilitation Act claims should not be dismissed.

E. <u>Leave to Amend</u>

As was previously discussed, rather than oppose defendants' motion to dismiss for failure to state a claim, plaintiff requested the Court grant leave to amend so that

REPORT AND RECOMMENDATION - 14

1    plaintiff could correct the deficiencies in the complaint. For the reasons set forth below,

2    the Court should grant plaintiff leave to amend the complaint.

3        Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for

4    amendment as of right, pleadings may be amended only with the opposing party's

5    written consent or by leave of the court. Leave to amend should be freely given when

6    justice so requires. Fed. R. Civ. P. 15(a)(2); *Desertrain v. City of Los Angeles,* 754 F.3d

7    1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.").

8        The Court must consider five factors when determining the propriety for leave to

9    amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment,

10   and whether the plaintiff has previously amended the complaint. *Desertrain*, 754 F.3d at

11   1154: *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

12       There is no evidence indicating that plaintiff seeks to amend the complaint in bad

13   faith or to cause undue delay. Further, plaintiff sought to amend the complaint shortly

14   after filing the second amended complaint and being made aware of the deficiencies in

15   the second amended complaint. Additionally, the factual allegations that plaintiff seeks

16   to include in plaintiff's third amended complaint are factual allegations that plaintiff

17   included in the first amended complaint. See, Dkt. 86, 152. And, plaintiff was a pro se

18   litigant during the period when the original complaint, motions for temporary restraining

19   orders, and first amended complaint, were filed (e.g., Dkt. 11, 32, 42, 75, 86, 117, 133);

20   pro se complaints are to be construed liberally. *Eldridge v. Block,* 832 F.2d 1132, 1137

21   (9th Cir. 1987). "Presumably unskilled in the law, the pro se litigant is far more prone to

22   making errors in pleading than the person who benefits from the representation of

23   counsel," *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987). A pro se plaintiff's

24

25

1  pleading is ultimately held "to a less stringent standard than formal pleadings drafted by
2  lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

3       Accordingly, it does not appear that defendants would be prejudiced by granting
4  plaintiff leave to amend because the allegations plaintiff seeks to include were
5  previously raised and were previously challenged by defendants' motion to dismiss. Dkt.
6  86, 104. These factors all favor the Court liberally exercising its discretion to grant
7  plaintiff leave to amend.

8       Accordingly, the Court should grant plaintiff leave to amend the complaint.

9       III.   <u>CONCLUSION</u>

10       Based on the foregoing, the Court should GRANT in part and DENY in part
11  defendants' motion to dismiss. The Court should dismiss the following claims:

12  - All claims against defendants White, Lee, Shanahan, Jones, Smith, Alexander,
13     Pero, Whitehead, Whales, Jackson, Rhoton, Scott, Cruz, Allen, Davis,
14     Balderrama, Lindquist, and Lane without prejudice for failure to state a claim;

15  - Plaintiff's due process claims related to his magazines, newspapers, and his
16     physical and mental health without prejudice for failure to state a claim;

17  - Plaintiff's First Amendment Claims without prejudice for failure to state a claim;

18  - Plaintiff's Sixth Amendment claims without prejudice as Heck barred; and

19  - Plaintiff's due process claims regarding plaintiff's good time credits and
20     assignment to administrative segregation against defendants Pastor and James-
21     Hutchinson **with** prejudice.

22

23

24

25

1    The Court should not dismiss plaintiff's *Monell,* ADA, and Rehabilitation Act claims

2    based on the applicable statute of limitations. Finally, the Court should grant plaintiff

3    leave to amend to correct the deficiencies in plaintiff's second amended complaint.

4         The parties have **fourteen (14) days** from service of this Report and

5    Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6;

6    FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for

7    purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the

8    parties shall have **fourteen (14) days** from the service of the objections to file a

9    response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set

10   for consideration on September 11, 2020, as noted in the caption.

11        Dated this 28th day of August, 2020.

12

13                                                    Theresa L. Fricke
                                                      United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION - 17