UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Michael Denton,

                Plaintiff,

  v.

Paul A Pastor,

                Defendants.

Case No. 3:17-cv-05075-BHS-TLF

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT

This matter is before the Court on plaintiff's motion for leave to amend (Dkt. 164) and proposed amended complaint (Dkt. 165). Defendant has filed a response opposing plaintiff's motion (Dkt. 166) and plaintiff has filed a reply in support of the motion (Dkt. 167). In addition, plaintiff asks the Court to find that the proposed amended complaint relates back to the original filing date of this action. Dkts. 164, 167. Defendant has filed a motion to dismiss plaintiff's third amended complaint, which is pending before the court. Dkt. 160.

This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the Court GRANTS in part and DENIES in part plaintiff's motion for leave to amend. The Court DENIES defendant's motion to dismiss the complaint as MOOT.

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO AMEND COMPLAINT - 1

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his original complaint, *pro se* and *in forma pauperis*, on February 1, 2017 under 42 U.S.C. § 1983, raising 11 claims against more than a dozen named defendants. Dkt. 11. The Court subsequently allowed plaintiff to file his first amended complaint in which he named additional defendants, asserting 20 claims alleging violations of his federal constitutional rights. Dkt. 85, 86.

Plaintiff subsequently retained counsel. Dkt. 133. Following the Court's adoption of the undersigned's Report and Recommendation on res judicata (Dkt. 142), defendants filed an answer to plaintiff's first amended complaint. Dkt. 143. Defendants also served plaintiff with initial disclosures and answers to plaintiff's first set of discovery requests. Dkt. 147-1 at 5. Plaintiff did not serve defendants his initial disclosures or responses to defendants' discovery requests, and instead moved to amend the complaint a second time. Dkt. 148 at 3. The Court granted plaintiff's motion to file a second amended complaint. Dkt. 149.

Defendants moved to dismiss the second amended complaint. Dkt. 151. The Court granting the motion in part and granted plaintiff leave to amend the complaint once again. Dkt. 156. Plaintiff filed his third amended complaint on September 30, 2020. Dkt. 157. Defendants filed a motion to dismiss the complaint on October 21, 2020. Dkt. 160. See also, Plaintiff's Response to Motion to Dismiss, Dkt. 162; Defendant's Reply, Dkt. 163.

Plaintiff filed this motion for leave to file a fourth amended complaint on December 8, 2020. Dkt. 164.

DISCUSSION

I.  Relation Back

Plaintiff requests that the amended complaint be held to relate back to his February 2017 original complaint. Defendant appears to argue that state law would preclude relation back in this case. Dkt. 166 at 2. Rule 15 controls relation back of amendments in federal court, excepting when state law would be *more* lenient than the federal rules. Fed. R. Civ. P. 15(c); *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014); *see also Mullens v. City of Lakewood*, 2016 U.S. Dist. LEXIS 117690 at *30 (Wa. W.D. Aug. 9, 2016) (finding that Washington's CR 15 mirrors Fed. R. Civ. P. 15(c) and is "arguably slightly less generous" regarding relation back).

Fed. R. Civ. P. 15 provides that when newly asserted claims arise out of the conduct, transaction, or occurrence set out in the original pleading, they relate back to the date of the originally filed complaint for statute of limitations purposes. Fed. R. Civ. P. 15(c)(1)(B). Within the original period allotted by Rule 4(m) for service and summons, a party sought to be brought in by amendment must have received notice of the action, and known or should have known that the action would have been brought within the original complaint, but for mistake of the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C).

The parties do not dispute that the state law claims arise out of the same conduct as the originally filed federal claims. Additionally, because defendants Duray and Pastor were among the defendants originally named in plaintiff's lawsuit, they were properly noticed of the action, regardless of the new claim plaintiff now seeks to bring against

them. Therefore, the amended claims relate back to February 1, 2017, when plaintiff filed a motion for IFP and his first proposed complaint in this court.

II. Leave to Amend

Plaintiff seeks leave to "narrow the scope of his claims by removing his Sixth Amendment and First Amendment religious freedom claims," and removing his claim for injunctive relief. Dkt. 164 at 2. Plaintiff also seeks to adjust his remaining claims with respect to the specific defendants assigned to each claim and certain factual assertions: "remov[ing] defendants from certain claims, specif[ying] defendants in other claims, [and] correct[ing] dates." *Id.* His proposed fourth amended complaint (Ex. A of Declaration of Plaintiff's Counsel, Dkt. 165, at 6-23) would not add defendants to the suit, but it would add claims for supervisory liability to two defendants, Sgt. Duray and Sheriff Pastor. *Id.*

The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave, the court considers five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Rule 15(a) creates a presumption in favor of granting leave to amend absent prejudice or a strong showing of any of the other factors. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

*Undue Delay and Prejudice to Defendants*

Defendants' opposition to amendment is limited to the claim for negligent supervision plaintiff purports to bring against defendants Duray and Pastor. Defendants do not oppose plaintiff amending his complaint to withdraw the claims for violation of his

Sixth Amendment right to effective assistance of counsel and First Amendment right to freedom of religion. Defendant argues that plaintiff should not be permitted to use the same justifications as he claimed over a year before, when seeking leave to file his third amended complaint – or else plaintiff could amend his complaint after any period of delay. Dkt. 166 at 3. Counsel for plaintiff has repeated the assertion that litigation on plaintiff's behalf is hindered by the same factors of difficulty communicating with plaintiff in solitary confinement and the complexity of representing plaintiff in multiple actions against the state. Dkt. 164 at X. Plaintiff's counsel adds that ongoing circumstances of the last year, namely, facility-limited access to phone communication and other logistical barriers arising from the COVID-19 pandemic, have caused unavoidable delay in representation. Dkt. 167 at 2.

    Defendants have not shown they will be prejudiced if plaintiff is granted leave to amend. Although the parties have continued motion practice, the litigation remains at an early stage. The parties have not submitted a joint status report, there has been no scheduling order set, and the parties have yet to engage in significant discovery. Defendant has not asserted any facts indicating that the period between the filing of the third amended complaint and plaintiff's motion to amend has prejudiced their litigation, aside from defendant having filed a motion to dismiss in the meantime. To the extent that defendant objects to an amendment's effect on dispositive motions, defendant may not argue that a requirement to continue litigating an action amounts to a prejudicial delay.

    Accordingly, defendants have failed to meet their burden of showing either undue delay or prejudice if plaintiff is allowed to amend the operative complaint. Furthermore,

there is no evidence that plaintiff has brought this motion to amend in bad faith. Although plaintiff has previously amended his complaint several times, the proposed complaint would be the second amendment undertaken by counsel and would streamline the issues at hand – benefiting the efficiency of litigation.

*Futility*

Defendant additionally argues that the amendment would be futile, asserting that plaintiff seeks to bring a *Monell* municipal liability claim against defendants Duray and Pastor without having pleaded the requisite facts showing that the "county's own conduct, such as implementing a deficient policy," caused the alleged violation. Dkt. 166 at 3 (citing *Escatell v. Cty. of San Diego*, 76 F.3d 385 (9th Cir. 1996); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)). Yet the complaint's third claim for relief alleges claims for supervisory liability in the defendants' individual capacity, which are distinct from plaintiff's *Monell* claims against Pierce County (the complaint's fifth labeled claim for relief). Dkt. 165, at 16, 18.

"A supervisor may be liable under § 1983 only if there exists either '(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001). "Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO AMEND COMPLAINT - 6

Supervisory officials may be held liable if they implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of a constitutional violation." *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Officers may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer. *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (citing *Jones v. Williams*, 297 F.3d 930, 936-37 (9th Cir. 2002)).

Plaintiff's claim against defendant Duray arises from two factual allegations suggesting more than defendant Duray's mere presence during the alleged violations. *See Felarca*, 891 F.3d at 820. First, plaintiff alleges that defendant Officer Allen physically attacked plaintiff while Sgt. Duray kept a taser trained on plaintiff, suggesting defendant Duray's personal involvement in the unconstitutional use of force. Dkt. 165, at 13. Second, plaintiff alleges that after three other named defendants nearly severed plaintiff's finger, Sgt. Duray verbally harassed plaintiff, saying "You lucky you still have a finger, I would have cut it off." Dkt. 165, at 13-14. Allegations of such conduct tends to indicate defendant Duray's "acquiescence in the constitutional deprivations" alleged. *See Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff's supervisory liability claims against defendant Pastor are less clearly pleaded. In the proposed fourth amended complaint, plaintiff alleges defendant Pastor (and others) established a policy forcing pre-trial detainees to share shaving materials, a policy restricting outside recreation privileges for detainees in plaintiff's unit, and a security alert policy depriving plaintiff of the daily hour allotted for recreation. Dkt. 165, at 10-11. Yet plaintiff does not plead these policies are unconstitutional or caused any

alleged constitutional violations, thereby failing to state a claim for a supervisor's implementation of an unconstitutional policy. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Rather, plaintiff alleges that defendant Pastor became aware of other defendants' constitutional violations after plaintiff first filed his lawsuit on February 22, 2017. Plaintiff pleads no other facts to support his assertion that "Defendant Paul Pastor as the sheriff of the jail failed to supervise the employees of the jail and allowed the correctional staff to violate the constitutional rights of inmates like [plaintiff]." Dkt. 165, at 17. Vicarious liability, or *respondeat superior*, is not available under § 1983. *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446-7 (9th Cir. 1991). The proposed complaint does not allege facts showing a causal connection between defendant Pastor's conduct and any constitutional violations either before or after plaintiff filed this lawsuit, much less any personal involvement. Plaintiff's proposed amendment to include a supervisory liability claim against Defendant Pastor would therefore be futile.

## CONCLUSION

The Court therefore orders that plaintiff's motion for leave to amend should be GRANTED in part and DENIED in part. Plaintiff shall be permitted to withdraw claims from the third amended complaint, to substitute named defendants in the appropriate remaining claims as proposed, and to add a supervisory liability claim against defendant Duray under 42 U.S.C. § 1983. Plaintiff may add a supervisory liability claim against defendant Pastor *only* if the amended complaint pleads additional facts sufficient to state the claim. The amended complaint shall be subject to screening for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

PLAINTIFF'S MOTION TO AMEND COMPLAINT - 8

Based on the foregoing, it is ORDERED:

(1) Plaintiff's motion for leave to amend (Dkt. 164) is GRANTED in part and DENIED in part.

(2) Defendants' motion to dismiss (Dkt. 160) shall be DENIED without prejudice as MOOT.

(3) Counsel for plaintiff is directed to file plaintiff's fourth amended complaint within seven days, on or before **March 5, 2021**.

(4) Plaintiff's claims in his fourth amended complaint shall relate back to February 1, 2017.

(5) The Clerk shall send a copy of this Order to the parties.

Dated this 26th day of February, 2021.

Theresa L. Fricke
United States Magistrate Judge